THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106089. Promulgated March 11, 1942.

*Hugh McD. Ritchey, Esq.*, for the petitioner.
*Donald P. Moyers, Esq.*, for the respondent.

588

OPINION.

Tyson: Respondent contends: (1) That petitioner is liable at law as trustee and/or transferee of the estate of Byron Webster Beatty for the deficiency of $3,953.01 in Federal estate tax on that estate, together with interest thereon; or (2) that petitioner is so liable as a transferee of the transferee (Helen Beatty, beneficiary in the insurance policies). These contentions are based upon the application of section 315 of the Revenue Act of 1926, as amended by section 803 (c) of the Revenue Act of 1932, and of section 316 of the Revenue Act of 1926, the material parts of those sections being printed in the margin.[1]

---

[1] Sec. 315 (b). If (1) except in the case of a bona fide sale for an adequate and full consideration in money or money's worth, the decedent makes a transfer, by trust or otherwise, of any property in contemplation of or intended to take effect in possession or enjoyment at or after his death, or makes a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (A) the possession or enjoyment of, or the right to the income from, the property, or (B) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom, or (2) if insurance passes under a contract executed by the decedent in favor of a specific beneficiary, and if in either case the tax in respect thereto is not paid when due, then the transferee, trustee, or beneficiary shall be personally liable for such tax, and such property, to the extent of the decedent's interest therein at the time of such transfer, or to the extent of such beneficiary's interest under such contract of insurance, shall be subject to a like lien equal to the amount of such tax. Any part of such property sold by such transferee or trustee to a bona fide purchaser for an adequate and full consideration in money or money's worth shall be divested of the lien and a like lien shall then attach to all the property of such transferee or trustee, except any part sold to a bona fide purchaser for an adequate and full consideration in money or money's worth.

Sec. 316. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a decedent or donor, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this title or by any prior estate tax Act or by any gift tax Act.

*     *     *     *     *     *     *

Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

*     *     *     *     *     *     *

(e) As used in this section, the term "transferee" includes heir, legatee, devisee, and distributee.

Petitioner contends: (1) That no assets of the estate of Byron Webster Beatty have been transferred in trust or otherwise to it; and (2) that petitioner is not trustee or transferee of the estate of Byron Webster Beatty or transferee of a transferee, but owes money under the terms of its written contract; its relationship to Helen Beatty and the contingent beneficiaries under its income bond and under its contracts of insurance being that of debtor and creditor.

The parties are in agreement, on brief, that the only amount with regard to which there is presented the question of whether petitioner received such amount as trustee, transferee, or transferee of a transferee is $40,000, part of the proceeds of policy No. 7,535,701 which was received, or retained, by petitioner through election by Helen Beatty, beneficiary therein, under option 3 in that policy; so our inquiry as to whether or not petitioner received any amounts whatsoever as trustee, transferee or transferee of a transferee, so as to render it liable for the amount here involved, is narrowed to the inquiry of whether or not it so received the $40,000 of the proceeds of policy No. 7,535,701.

Did petitioner receive and hold the $40,000 proceeds from policy No. 7,535,701 as trustee? We think it is so obvious that it did not so receive and hold such amount as to require but little consideration of the question. The $40,000 was received by petitioner through the surrender of the fixed, determined and accrued right thereto of Helen Beatty, beneficiary in the policy, in exchange for petitioner's obligations incurred to Helen Beatty and the contingent beneficiaries as evidenced by its bond. This bond, executed in compliance with Helen Beatty's election under "Modes of Settlement At Maturity Of Policy" in policy No. 7,535,701, to convert the proceeds of the insurance policy under option 3 into a life income for 20 years certain and continuing thereafter during her life, with contingent beneficiaries should she die within the 20 years, did not, in our opinion, create the status of a trustee for petitioner herein, but created merely the relation of debtor and creditor as between petitioner and those parties. Cf. *John Hancock Mutual Life Insurance Co.*, 42 B. T. A. 809, 821, and authorities therein cited.

Did petitioner receive and hold the $40,000 proceeds from policy No. 7,535,701 as such a transferee of Byron Webster Beatty, or his estate, as would render petitioner liable, under the applicable statutes, for the tax here sought to be imposed? We are of the opinion that it did not.

At the time of his death the insured had not elected option 3 provided for in the policy as a mode of settlement by the insurer of its liability at maturity of the policy on the death of the insured. Thus, at the time of the insured's death the beneficiary, Helen Beatty, had the

fixed and determined right to be paid a lump sum in the face amount of the policy at the death of the insured and the insurance company was absolutely liable to her at that time in such lump sum. At that time the insurance company had no semblance of a right to retain in its possession the $40,000 for any purpose whatsoever. Such right of the insurance company arose for the first time when Helen Beatty, the beneficiary in the policy, then having the fixed and determined right to payment of the proceeds thereof in a lump sum, exercised another right vested in her, under the provisions of the policy, by giving written directions that the $40,000 lump sum be applied as a payment by her to the insurance company for a supplemental contract between that company and her, as evidenced by that company's bond.

It is thus clear that the $40,000 of the proceeds of policy No. 7,535,701 was not received by petitioner insurance company by reason of a transfer to it by either Byron Webster Beatty or his estate, which primarily owed the tax here sought to be recovered from petitioner as transferee. It is equally clear that the $40,000 was received by the insurance company from Helen Beatty in exchange for its obligation, evidenced by its bond, to pay her monthly payments for 20 years certain and continuing throughout her lifetime, or, to pay certain amounts to contingent beneficiaries named by her.

The remaining question is whether the petitioner insurance company is such a transferee of a transferee (Helen Beatty, beneficiary in policy No. 7,535,701) of the $40,000 as would render it liable under the statutes relating to such liability.

Helen Beatty was the specific beneficiary under the policy executed by decedent and as such she was the transferee of the $40,000 as provided in section 315 (b), *supra*, cf. *John Hancock Mutual Life Insurance Co.*, *supra*, p. 818; and while the $40,000 was received by petitioner by transfer from such transferee and in a literal sense petitioner was thus a transferee of a transferee, we are of the opinion that petitioner was not such a transferee of a transferee as would render it liable under the statutes applicable to a transferee's liability; and for the reason that, as a consideration for the receipt or retention by it of the $40,000 petitioner undertook a supplemental obligation as evidenced by its bond for monthly payments to the beneficiaries named therein. We are of the opinion that the obligation thus incurred by petitioner under its bond constituted a full and adequate consideration for the $40,000 received or retained by petitioner insurance company, and hold that petitioner is not such a transferee of a transferee as would render it liable under the statutes applicable to transferee's liability.

The sole authority relied upon by respondent to sustain his contentions is *John Hancock Mutual Life Insurance Co.*, *supra*. That

case is not controlling here, for it is clearly distinguishable on its facts. There the entire lump sum of the proceeds of the policies involved, immediately upon the death of the insured and at *his direction*, came into the ownership and possession of the insurance companies, which were to make certain periodic payments of such proceeds to the beneficiaries as directed by the insured, and thus, in effect, the insurance companies received the proceeds by transfer directly from the insured. Here the petitioner insurance company received the $40,000 solely by transfer from a person other than the insured, which person had the absolute right at the time of the transfer, as beneficiary under the policy, to do as she chose with the $40,000. She chose to transfer the $40,000 to the petitioner insurance company in exchange for the latter's bond.

We hold that the respondent erred in his determination.

*Decision will be entered for the petitioner.*